### NORRIS v. HARTFORD FIRE INSURANCE CO.

1. INSURANCE—POLICY—PLEADINGS.—FORFEITURE of policy by commencement of foreclosure proceedings properly pleaded.

2. IBID.—IBID.—WORDS AND PHRASES—IBID.—The stipulation in a fire insurance policy that it is to be void, "if with knowledge of insured foreclosure proceedings be commenced," does not mean that insured must know of suit at or before commencement, but the forfeiture takes effect when the papers are served on him.

3. APPEAL.—ADDITIONAL GROUNDS by respondent on which to sustain a demurrer cannot be entertained on appeal, because not before Circuit Judge in writing, as required by Rule 18 of Circuit Court.

4. INSURANCE—ESTOPPEL—PREMIUM.—When a fire insurance policy provides that when it is forfeited by reason of stipulations therein

expressed, unearned premiums shall be returned upon presentation of policy for cancellation, the company is not estopped from setting up such forfeiture, because unearned premium has not been returned.

Before KLUGH, J., Abbeville, October, 1898.    Reversed.

Action by Julia E. Norris against Hartford Fire Insurance Co. and Agnes L. Lawing. From order sustaining demurrer to defendant's answer, Hartford Fire Insurance Co. appeals.

*Messrs. King & Spalding,* for appellant, cite: *Under a condition of a fire insurance policy that it should be void, if with knowledge of insured foreclosure proceedings be commenced, such proceedings render policy void, and knowledge of company that mortgage exists does not change condition:* 133 N. Y., 356; 141 N. Y., 219; 25 At. R., 992. *Such stipulation does not mean that the knowledge must precede the action:* 151 U. S., 452; 11 App. Div. Rep. (N. Y. S. C.), 68; 43 S. W. R., 910. *It is competent for company to provide that further agreement must be in writing, and that no change in policy or situation by parol shall be sufficient:* 54 N. W. R., 18; 141 N. Y., 219; 57 N. W. R., 952; 9 Am. St. R., 219, 223; 29 S. C., 560; 11 Am. St. R., 51, 56. *Answer need not allege that defendant had no knowledge of commencement of foreclosure:* 42 S. C., 14; 43 S. C., 26. *Mere knowledge to the company does not prevent policy from being void, if insured knew:* 53 Tex., 61; 56 Vt., 374; 17 Ia., 176.

*Messrs. Parker & Greene,* also for appellant, cite: *As to commencement of actions:* Code, 148, 120; Code N. Y., sec. 127; 17 How. Prac. R., 478; 7 Abb. N. S., 241; 28 N. Y., 659; 8 Bosw., 617; 5 Duer, 118. *Forfeiture is put in issue by general denial:* 10 S. C., 438; 50 S. C., 53; 41 N. Y.. 349; 46 N. Y., 418. *Respondent's additional grounds cannot be considered:* Rule 18 Cir Ct.; 53 S. C., 139.

*Waiver is always question for jury:* 46 S. C., 79; 29 S. C., 561; 15 S. C., 11.

Mr. M. P. DeBruhl, contra, cites : *Defendant company has failed to allege facts necessary to show the forfeiture set up:* 25 S. E. R., 417; 29 S. E. R., 945; 51 S. C., 540. *Continuance of cause is within discretion of trial Judge:* 33 S. C., 273; 21 S. E. R., 693. *Also after demurrer overruled:* 15 S. E. R., 712. *Testimony of defense must be confined to issues raised by general denial:* 16 S. C., 586.

July 5, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. To understand this appeal it will only be necessary to state that the defendant insurance company issued its policy, whereby for a valuable consideration, at the time paid, it agreed to insure the plaintiff's dwelling house against loss by fire, valued at $1,600, to the amount of $1,200, from 26th May, 1896, to 26th May, 1897, and by an indorsement on the policy it was made payable, in case of loss, to Agnes L. Lawing as her interest might appear. The house was burned on 22d day of September, 1896. Notice of fire and proofs of loss were served on defendant. Payment not being made, the present action was commenced July, 1897. The defendant claimed that the policy was rendered null and void because Mrs. Agnes L. Lawing began her action for the foreclosure of the mortgage she held on the house and lot of plaintiff, which had been insured by defendant company on the 13th August, 1896, and service of copies of pleadings was made on said plaintiff on 14th day of August, 1896. The clause of the policy in question was in these words: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if, * * * with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of any sale of any property covered by this policy, by virtue of any mortgage or trust deed." When this forfeiture was set up in the defendant company's answer as a defense to plain-

tiff's action, plaintiff interposed a demurrer because the answer did not state facts sufficient for a defense. After argument, his Honor, Judge Klugh, granted an order sustaining plaintiff's said demurrer, and although defendant gave notice of an appeal from the order, the Circuit Judge ordered the trial to proceed, which resulted in a verdict from the jury for the full amount claimed by the plaintiff to be due. Defendant company now asks this Court to reverse the judgment of the Circuit decree, and to declare it error in the Circuit Judge when he sustained plaintiff's demurrer to defendant company's answer.

It seems to us that the Circuit Judge was in error in sustaining the demurrer in the case at bar. The language of the contract of insurance is explicit, that if the insured has knowledge of the commencement of foreclosure proceedings the policy shall be rendered void. We think the allegations of the answer are explicit in setting up this defense. Here is the allegation as quoted from the answer in question: "For a further defense said defendant sets up the condition and stipulation of said policy, to wit: 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if with the knowledge of the insured foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed;'" and alleged that on August 13, A. D. 1896, Mrs. Lawing, the mortgagee, instituted proceedings to foreclose said mortgage against Mrs. Norris in said Court of Common Pleas of Abbeville County; that notice of said proceedings was served upon and received by the plaintiff on August 14, A. D. 1896, after the writing of the policy sued on, and prior to the date of the fire, and that at the date of said fire there were in existence the aforesaid proceedings to foreclose said mortgage, of which the insured had knowledge; that said proceedings constituted a breach of said covenant and condition of said policy of insurance above quoted, and rendered the same void; and that said policy was void and

of no effect on September 23, 1896, "and had been so continuously since August 14, 1896, and still was void." As before remarked, these allegations are explicit. The stipulation in question is a part of plaintiff's contract with the defendant insurance company. The latter now pleads this stipulation, as it had a right to do. We wish to be clearly understood: we are passing upon the demurrer—we are not passing upon any defense, or defenses, if such exists, which the plaintiff may interpose to this stipulation in the contract of the parties.

It is urged that the language in which the stipulation is couched requires us to so construe the same as that the knowledge of the insured of these foreclosure proceedings must antedate or coexist with the commencement of such proceedings, which was on the 13th August, 1896, when in point of fact the plaintiff only knew of such proceedings on the next day—the 14th day of August, 1896. We cannot accept any such view. It is obvious that the stipulation in question was intended by the insurance company to cover an instance when temptation should be most grievous to the insured—for, she being unable to discharge the mortgage, would see the day of settlement with her mortgagee fast approaching, and, therefore, temptation to destroy by fire would prove more attractive than ever before. Hence the insurance company expressly, in plain, unambiguous words, stipulated that such proceedings when known to the mortgagor should render the policy of insurance void, unless otherwise provided by an agreement. We have never had this clause of a policy of insurance before us at any time before this, but we will now give it our attention. Stress is laid on the fact that section 120 of our Code of Procedure states that an action is commenced when the summons is delivered into the hands of the sheriff with the intention that he shall serve the same. The full text of section 120 is: "An action is commenced as to each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with

him.   An attempt to commence an action is deemed equiv-
alent to the commencement thereof, within the meaning of
this title, when the summons is delivered, with the intent
that it shall be actually served, to the sheriff, &c."   It may
be well to notice that by the terms of this section, an action
is actually commenced when it is served upon the defendant.
Then an *attempt to commence* an action is *deemed equiva-
lent to the commencement thereof* when delivered to the
sheriff, &c.   Not that this delivery to the sheriff is actually
a commencement of the action, but the equivalent to such
commencement.   This view is fortified by section 148,
which provides: "Civil actions in the Courts of record of
this State shall be commenced by service of a summons."
When, therefore, parties to a contract made in this State
used the words, "commencement of an action," so far as
knowledge of notice of such action is concerned, we should .
hold that such commencement was by service upon the de-
fendant.   We so hold in this instance.   Inasmuch as we
have held that the Circuit Judge was in error in sustaining
the demurrer to the answer of defendant insurance com-
pany, of course he was in error in refusing to allow the in-
troduction of the record of the foreclosure proceedings be-
tween Agnes L. Lawing, as plaintiff, against Julia E.
Norris, defendant.

But plaintiff suggests additional grounds to sustain the
Circuit Judge other than that embraced in his order.
Rule 18 of Circuit Court Rules shuts off the consid-
eration of any other ground of demurrer except that
brought to the attention of the Circuit Judge—hence the
additional grounds of respondent to sustain Circuit judg-
ment are unavailing.   These grounds were not made at
trial, nor can we ascribe any potency to the position
that defendant is estopped from raising its defense
because no part of premium was restored.   It is time
enough to do this when policy is returned for cancellation;
such is the language of the policy itself.   It follows, there-

fore, that all the proceedings in the Court below as to the trial of this cause must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remanded to the Circuit Court, with directions to annul the order sustaining the demurrer to defendant's answer, and for such other proceedings as may be necessary.