### SCHWARZSCHILD & SULZBERGER CO. v. PHŒNIX INS. CO. OF HARTFORD.

(Circuit Court of Appeals, Second Circuit.    July 1, 1903.)

#### No. 155.

**1. INSURANCE—CANCELLATION OF POLICY.**

Where, by the terms of a policy, the insurer was given the right to cancel the same by giving five days' notice, a telegram from its agent to the authorized agent of the insured positively directing a cancellation, followed by a letter confirming the same in unequivocal language, operated as a cancellation at the end of five days thereafter, during which no further communication was sent; and subsequent correspondence, by which the agent of the insured attempted to secure a reconsideration of such action, did not have the effect of renewing the policy.

**2. SAME—EFFECTIVENESS OF NOTICE—RETURN OF PREMIUM.**

Under a provision in an insurance policy giving the insurer the right to cancel the same by giving five days' notice, and requiring it to return the unearned premium in case of cancellation "on surrender of the policy," it is not essential to the effectiveness of a notice of cancellation by the insurer that the unearned premium be returned or tendered in advance of the surrender of the policy by the insured.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 115 Fed. 653.

Writ of error from judgment entered for defendant on a trial to the court without a jury of an action removed from the Supreme Court of the state of New York to the United States Circuit Court for the Southern District of New York. The action was brought for the recovery of $50,000 on a policy of insurance in the defendant company. The facts appearing of record and the grounds of the judgment are fully set forth in the opinion of the court below and in its findings of fact and statement of conclusions of law.

Wheeler H. Peckham, for plaintiff in error.

Wm. Vanamee and Chas. E. Perkins. for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

¶ 2. See Insurance, vol. 28, Cent. Dig. § 510.

TOWNSEND, Circuit Judge. The exceptions herein challenge the correctness of the finding of the trial court that the policy in suit had been canceled at the time of the fire which damaged plaintiff's property. The provision of the policy relevant to this inquiry is as follows:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, the company retaining the customary short rate, except that where this policy is canceled by this company giving notice it shall retain only the pro rata premium."

The fire occurred on October 6, 1899. The transactions between the parties were conducted by correspondence, from which the trial court concluded that the policy in suit had ceased to be in force and effect before said date. The facts material to said conclusion are as follows: On September 20, 1899, the defendant's agent, in response to a telegram from plaintiff's agent, telegraphed: "No, our companies won't carry. Cancel Phœnix [the policy in question] $50,000." On said day defendant's agent also wrote that he had been obliged to reply "that it would be necessary for us to call for the immediate cancellation" of said policy. We are of the opinion that said peremptory, definite, and unqualified language was a sufficient compliance with the requirements of the policy as to notice. During the five days after receipt of said notice by plaintiff's agent he received no communication from defendant's agents qualifying said notice. The rights of the parties, therefore, became fixed at the expiration of said period, and the correspondence between the parties subsequent to said period, by which plaintiff sought to secure a reconsideration of said action, is immaterial to the decision herein. We conclude, furthermore, that said subsequent correspondence and the conduct of the plaintiff's agent indicate that he understood said telegram and letter of September 20th, as a notice of cancellation, and a request for the immediate return of the policy. Plaintiff's agent admitted that thereby defendant had "ordered up the policy," the letter in reply merely asked for a reconsideration of said decision; and, after this had been refused, plaintiff's agent procured a new policy in substitution for the one which had been canceled.

Plaintiff has excepted to the admission in evidence of certain letters and telegrams between the general agent of defendant and its special agent, who alone conducted the correspondence between the parties. Inasmuch, however, as this correspondence has no bearing on the evidence from which we have reached our conclusion herein, its admission is immaterial, and furnishes no ground for reversible error.

Plaintiff contends that tender or payment by the insurer of the unearned premium is a condition precedent to cancellation, and that, as defendant had never tendered to plaintiff the unearned premiums on said policy, it had not been canceled. The findings of the court upon this point are as follows:

"Twenty-Second. That by the course of business carried on during the year 1899 between the said Merriam and his said firm [defendant's agent] and the

said E. C. Anderson & Company [plaintiff's agent] there was an open account kept between them in which the said E. C. Anderson & Company were charged with the premiums on policies obtained by the said Merriam and his firm for the plaintiff, and were credited with the amounts of unearned premiums on canceled policies, and this account was settled by paying the balance in cash at stated intervals.

"Twenty-Third. That the unearned portion of the premium upon the said policy of the defendant upon the cancellation thereof amounted to the sum of about three hundred and twenty dollars ($320). That from the 20th day of September, 1899, to the 6th day of October, 1899, and thereafter, there remained a balance due upon the said open account between the said Merriam's firm and the said E. C. Anderson & Company in favor of said Merriam's firm and against the said E. C. Anderson & Company of over two thousand dollars ($2,000). The defendant made no other tender to the plaintiff of said unearned portion of the premium due upon said cancellation."

It would seem that, as an amount sufficient to cover said premiums was in the hands of plaintiff's agent on open account between the parties at the time of the notice of cancellation, no such suggested tender or payment would have been necessary upon any construction of said provision. But, irrespective of these facts, the language of the foregoing provision demands a construction fatal to plaintiff's claim. It provides specifically for the absolute cancellation of the policy at any time by the company by giving five days' notice thereof. It further provides in express terms that, on surrender of the policy after such cancellation, the unearned premium shall be returned. It is difficult to conceive how language more definite could have been employed to show that the right to claim such unearned premium could only accrue after cancellation by the insurer and surrender by the insured.

In support of its contention counsel for plaintiff relies upon the case of Tisdell v. The New Hampshire Fire Insurance Company, 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765. It is true that in said case the Court of Appeals of the state of New York, by a divided court, held that such repayment was a condition precedent to cancellation. We are not unmindful of the great weight which should ordinarily be given to. the decisions of said court, especially upon a question involving the construction of a form of policy fixed by the statute of said state. But in the Tisdell Case we are wholly without any sufficient or satisfactory guide as to the process of reasoning by which a majority of the court reached its conclusion. The opinion states that: "The question presented on this appeal is no longer an open one in this court. It was decided in the case of Nitsch v. American Central Insurance Company, 152 N. Y. 635, 46 N. E. 1149, affirmed in this court without an opinion." The memorandum of the decision in the Nitsch Case only shows that it affirmed a judgment of the Supreme Court, General Term, reported in 83 Hun, 614, 31 N. Y. Supp. 1131, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the trial court. Reference to 83 Hun, 614, 31 N. Y. Supp. 1131, shows that the General Term wrote no opinion. We are, therefore, without anything in the reports to show what questions were decided, or even what issues were presented. Chief Justice Parker, however, in his dissenting opinion in the Tisdell Case, shows that the Court of Appeals was required to

affirm a judgment of the General Term in the Nitsch Case upon another and unquestioned ground of waiver by defendant. In these circumstances we are unable to accept the conclusions of the Court of Appeals in the Tisdell Case.

Upon the facts found herein we must hold that notice of cancellation was duly given by defendant, and acquiesced in by plaintiff, and that no further action on the part of defendant was necessary until after the surrender of the policy.

The judgment is affirmed, with costs.