George Buckley, Respondent, *v.* Citizens' Insurance Company of Missouri, Appellant.

1. Fire Insurance — Payment of Premium on Policy — When Credit Given to Insured by Agent Regarded as Payment to Company. Where the general agent of a fire insurance company at the time of issuing a policy, gives credit to the insured for the premium due on the policy, and the amount thereof is charged by the company to the agent who pays it in a subsequent settlement with the company, the premium, as between the company and the insured, must be regarded as paid.

2. Cancellation of Policy — Voluntary and Unconditional Surrender of Policy Subsequent to Notice of Cancellation — When Regarded as a Waiver of Requirement That Unearned Premiums Must Be Paid or Tendered Before Policy Can Be Canceled. Under the provisions of the New York standard policy of fire insurance relating to the cancellation of the policy, if the insurance company desires to cancel the policy, it must not only give the five days' notice therein required but accompany it by the payment or tender of the *pro rata* amount of the unearned premium; it cannot legally demand of the insured the surrender of the policy and its cancellation until this is done; but where the agent who issued the policy in question sent the required notice of cancellation to the insured with a request that he return the policy to the office of the agent, upon which the unearned premium, if any, would be returned to him *pro rata*, and thereupon the insured voluntarily and unconditionally surrendered the policy to the agent, this action must be regarded in law as a waiver, by insured, of his right to treat the policy as in full force and effect until the company paid or tendered to him the unearned premium; the company is not liable under the policy, therefore,

upon the subsequent destruction, by fire, of the buildings insured by the policy, although the unearned premium has never been paid or tendered to the insured, but the latter can sue for the amount due.

*Buckley* v. *Citizens' Ins. Co.*, 112 App. Div. 451, reversed.

(Argued April 10, 1907; decided May 7, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 9, 1906, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Horace McGuire* for appellant. The policy was effectually canceled before the fire. ( *Van Valkenburgh* v. *Lennox*, 51 N. Y. 465; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Nitsch* v. *A. C. Ins. Co.*, 152 N. Y. 635; *Tisdell* v. *N. H. Ins. Co.*, 155 N Y. 163; *S. & S. Co.* v. *Phoenix*, 31 Ins. L. J. 483; *Walthear* v. *P. F. Ins. Co.*, 2 App. Div. 328.) The policy was canceled by agreement. (*Springer* v. v. *A. N. Assur. Co.*, 33 N. Y. S. R. 543; Ostrander on Fire Ins. 571, 579; *Boehen* v. *Williamsburgh City Ins. Co.*, 35 N. Y. 131; *Sheldon* v. *A. F. & M. Ins. Co.*, 26 N. Y. 460.)

*Edward C. Rice* for respondent. The premium was actually paid within the meaning of the policy. (*Hendrick* v. *Lindsay*, 93 U. S. 143; *B. L. Ins. Co.* v. *Miller*, 12 Wall. 285; *White* v. *C. Ins. Co.*, 120 Mass. 330; *McAllister* v. *N. E. L. Ins. Co.*, 101 Mass. 558; *Jurgens* v. *N. Y. L. Ins. Co.*, 114 Cal. 161; *Battle* v. *Coit*, 26 N. Y. 404; *Train* v. *H. Ins. Co.*, 62 N. Y. 598; *Sheldon* v. *C. L. Ins. Co.*, 25 Conn. 542; *Teal* v. *Spangler*, 72 Ind. 384; 2 Daniel's Neg. Inst. [5th ed.] 1221; *A. Bank* v. *Hunsiker*, 72 N. Y. 252.) There could not be an effective cancellation of the policy at the instance of the defendant without actual payment or tender to the plaintiff of the unearned premium. (*Tisdell* v. *N. H. F. Ins. Co.*, 155 N. Y. 163; *Van Valkenburgh* v. *L. Ins. Co.*, 51 N. Y. 465; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y.

420; *Lattan* v. *L. Ins. Co.*, 45 N. J. L. 453.)   There was not a legal surrender of the policy by the insured.   (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417, 420; *Tisdell* v. *N. H. Ins. Co.*, 155 N. Y. 163; *Train* v. *H. Ins. Co.*, 62 N. Y. 602; *Crown Pt.* v. *A. Ins. Co.*, 53 Hun, 226; 127 N. Y. 617; *Hathorn* v. *G. Ins. Co.*, 53 Barb. 28; *Von Wien* v. *S. U. & M. Ins. Co.*, 118 N. Y. 94, 101; *Hickey* v. *H. Ins. Co.*, 36 N. Y. Supp. 330; *F. C. Works* v. *W. Ins. Co.*, 36 Chicago Leg. News, 201.)

EDWARD T. BARTLETT, J.   The defendant company is located in the state of Missouri, and its general agents in this state at the time of the transactions involved in this action were Becker & Company, of Little Falls, Herkimer county. The plaintiff Buckley was the owner of a hotel located at Big Moose, a hamlet in the Adirondacks.   On the 12th of April, 1903, the defendant issued its policy of insurance, for the term of one year from date, covering this hotel for the amount of $625.00.   There was other insurance upon the building, the total amount being $2,500.00.   On the night of the fifth of July following the building was totally destroyed by fire.   The defendant company resists the payment of this claim on the ground that the policy was canceled and not in force at the time of the fire.

A preliminary question is presented as to whether the premium under this policy had been paid at the time of the loss.   Becker & Company, the general agents of the defendant, transacted their business with it as follows: They made a daily report to the defendant in Missouri as to any policies they had written and on receipt thereof the company charged them with the amount of premium on each policy.   At the end of sixty days the defendant rendered to its general agents a bill for the total premiums that had accumulated during that period, and the latter paid the same without regard to any arrangements they might have made with the insured as to credit on the payment of premium.

The premium on the policy in suit amounted to $24.38.

Becker & Company, at the time of issuing the policy, gave the plaintiff credit for this payment. This amount together with the premiums on the policies in two other companies issued at the same time on the same property was $97.51. The plaintiff also owed Becker & Company $100.00, premiums on policies on other property. In . payment of these two items the plaintiff, on or about May 20th, 1903, gave to Becker & Company his note for $197.50, dated May 20th, 1903, payable three months after date to the order of Becker & Company at the First National Bank of Remsen, with interest. Becker & Company soon after receiving this note indorsed it and procured its payment at a bank in Little Falls and received the proceeds thereof. The bank held the note until its maturity on August 20th, 1903, when it was taken up by Becker & Company, and they still hold it. The $100.00 item, not involved in this action, has been paid by plaintiff. The court found that the premium on the policy in question was charged to Becker & Company by the defendant company in its April account. The full amount of this account was paid by Becker & Company to defendant in August following. The defendant, on the return to it of the policy, credited its agents with the amount of the unearned premium, and this credit would appear in the July account to be subsequently paid.

In view of these transactions it is clear that as between the plaintiff and the defendant company the premium on the policy in suit was paid at the time the credit was given.

On the 23rd of June, 1903, Becker & Company mailed to the plaintiff a notice sent by them and dated June 20th, 1903, stating that the policy, describing it, "is hereby canceled from and after five days of the date hereof; this notice being given pursuant to the condition contained in said policy, of which the following is a copy, to wit: 'This policy shall be canceled at any time at the request of the assured; or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the

unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate ; except that when this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium.' You are requested to return said policy to this office accordingly, when the unearned premium, if any be due, will be returned to you *pro rata*, as provided in said condition."

It is found that this notice was received by the plaintiff on the 23rd or 24th of June, and that on or about the 26th of June the plaintiff mailed to Becker & Company the policy, no letter or communication being sent with it. There is nothing in the findings to show that this surrender of the policy was in any way conditional. The unearned premium was not paid to the plaintiff before the fire or at any time, nor was it ever tendered. The policy was returned by Becker & Company to the defendant company after the fire and on July 7th, 1903.

The question is, therefore, presented as to the effect upon plaintiff's cause of action of this voluntary and unconditional surrender of the policy to the defendant. The respondent's counsel argues that there could not be an effective cancellation of the policy at the instance of the defendant without actual payment or tender to the plaintiff of the unearned premium, and cites in support of this proposition the case of *Tisdell* v. *New Hampshire Fire Ins. Co.* (155 N. Y. 163). In the case cited the defendant admitted that the policy in suit had not been surrendered or tendered to it by the insured and that no demand had been made for the return of the premiums or the unearned portion thereof. In that case the opinion of this court states : " The question presented on this appeal is no longer an open one in this court. It was decided in the case of *Nitsch* v. *American Central Insurance Company* (152 N. Y. 635), affirmed in this court without an opinion. In that case, as in this one, the question presented was, whether the provision of the New York standard policy of fire insurance, relating to the cancellation of the policy at the instance of the company, requires that, in addition to

giving the five days' notice, the company must return or tender the unearned premium in order to effect a cancellation. The answer was in the affirmative. The only question presented for consideration in this case, therefore, is whether the defendant returned or tendered the unearned premium." As it appeared that there was no return or tender of the unearned premium this court held in the cases of *Nitsch* and *Tisdell* that the provision of the standard policy relating to the cancellation of a policy at the instance of the company requires that in addition to giving five days' notice the company must return or tender the unearned premium in order to effect a cancellation.

The case at bar differs from the above cases, as already pointed out, by reason of the additional fact that the plaintiff had voluntarily and unconditionally surrendered his policy immediately on receiving the notice of cancellation. We are of opinion that this action on the part of the plaintiff must be regarded in law as a waiver of his right to treat the policy as in full force and effect until the company paid or tendered to him the unearned premium. The one object of the cancellation clause is to place the policy in the custody of the insurance company absolutely and unconditionally. If the insured permits this to be done by his voluntary act, when the company gives notice of cancellation without receiving from it the unearned premium he assents to the cancellation, but can sue for the amount due him. It is a question of vital importance to the insurer and the insured as to the precise meaning of the cancellation clause in the standard policy. The situation is not a complicated one and the court desires to so construe the clause that its meaning may be made clear. If the insurance company desires to cancel it must, as we have held in the cases cited, not only give the notice required, but accompany it by the payment or tender of the *pro rata* amount of the unearned premium; it cannot legally demand of the insured the surrender of the policy and its cancellation until this is done. If, on the other hand, the insured desires to terminate the contract, he must give the notice of cancella-

tion, allow the company to retain the customary short rate of unearned premium and surrender the policy. If the company fail, on demand, to pay the balance of premium due he can sue and recover the same. These views lead to reversal.

The judgment appealed from should be reversed and a new trial granted, with costs to abide event.

VANN, J. (dissenting). I concur in the conclusion that as between the plaintiff and the insurance company the premium in question was paid before the fire occurred. When the agents in the ordinary course of their business with the plaintiff gave him credit, he no longer owed the company but owed them the amount of the premium.

Cancellation of the policy was authorized "at any time at the request of the assured, or by the company by giving five days' notice." In either event, as the contract further provided, "the premium having been actually paid, the unearned portion shall be returned on surrender of this policy." Whether the insurer or the insured is the actor in the attempt to cancel, cancellation is not complete until the unearned premium is returned. (*Tisdell* v. *New Hampshire Fire Ins. Co.*, 155 N. Y. 163, 165.) If the insured is the actor, the surrender of the policy and the return of the premium are concurrent acts. If the insurer is the actor, the notice and the return of the premium are sufficient, for the insured might be unwilling to surrender the policy. If, however, after the insurer has given the notice, the policy is surrendered by the insured, return of the premium must be made concurrently, or, if the surrender is by mail, as soon as practicable, unless such return is duly waived. In the case before us the company treated the act of surrender and the act of returning the premium as concurrent in the notice served by its agents, for they therein requested him "to return said policy to this office, when the unearned premium, if any be due, will be returned to you." Pursuant to this notice, the insured mailed the policy to the agents without instructions or comment, and the premium had not been returned or tendered when the

fire occurred, although there was both time and opportunity to do so.

Under these circumstances, is the question of waiver one of fact or law? The learned referee treated it as one of fact, for he found that "the unearned premium (being the sum of $19.30) was not paid or tendered to the plaintiff before the fire, and the plaintiff did not at any time waive such payment or tender." In his opinion he gave his reasons in part for so finding as follows : "Presumptively the return of the policy to Becker and Company was in compliance with the request in the notice, in order to obtain the unearned premium, and was not an assent to a cancellation without the performance by Becker and Company of what they had expressly offered to do in the notice. No intent of that kind can properly be inferred."

As, according to the policy, surrender and return are concurrent acts so far as practicable, in the absence of evidence to the contrary the former is presumed to be made upon the condition that it shall not take effect until the latter is performed. While the surrender was voluntary it was not volunteered, for it was made upon the request of the company contained in a notice of intent to cancel, and accompanied with the statement that the premium would be returned "when" the policy was returned. The policy was returned, but the premium was not, although the agents had an interview with the plaintiff after the surrender and before the fire. Moreover, at that interview the agents expressly agreed to hold the policy until it was placed in another company. It was not placed in another company, but held by the agents until after the fire, when it was sent to the defendant.

In my opinion there was no waiver as matter of law, and the referee having found upon sufficient evidence that there was no waiver as matter of fact, the judgment should be affirmed.

Cullen, Ch. J., O'Brien, Haight and Hiscock, JJ., concur with Edward T. Bartlett, J.; Chase, J., concurs with Vann, J.

Judgment reversed, etc.