GATELY-HAIRE Co., INC., Respondent, v. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, PHILADELPHIA, Appellant.

GATELY-HAIRE Co., INC., Respondent, v. NIAGARA FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

*Insurance — fire insurance policy — cancellation.*

Appeal by the defendants from orders of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 27th day of July, 1916, denying the defendants' motions for judgment on the pleadings and granting a similar motion by the plaintiff in each case, and also from the judgments entered in said clerk's office on the same day pursuant to said orders.

In the first case: Judgment modified by deducting thirty-five dollars

costs, included therein, and judgment as so modified and order affirmed on opinion of RUDD, J., at Special Term.    All concurred.

In the second case: Judgment modified by deducting thirty-five dollars costs, included therein, and judgment as so modified and order affirmed, with costs, on opinion of Rudd, J., at Special Term.

The following is the opinion delivered at Special Term:

RUDD, J.: Each party in each of the above-entitled actions moves for final judgment on the pleadings under section 547 of the Code of Civil Procedure.    The pleadings in each case are identical except as to the amount demanded.    Each action is brought to recover under a policy of fire insurance issued by the defendants, respectively.    No question exists as to the facts in the case.    The insured, Gately-Haire Co., Inc , advised the insurance companies that it desired to cancel policies of insurance. The letter of advice to the Niagara Company said: " We wish to cancel policy No. 15,997 with the Niagara Fire Insurance Co.    *  *  *    for $3,000. This cancellation to take effect at once."    The letter to the Insurance Company of the State of Pennsylvania said: "We desire to cancel policy No. 544,417 of the Insurance Co. of the State of Pennsylvania for $500."    In the letter to the Niagara Company it will be noticed that the insured says: " This cancellation to take effect at once," while in the letter to the Pennsylvania Company only a desire is expressed to cancel the policy.    Each letter was written January 18, 1916.    On January 27, 1916, the property insured was partially destroyed by fire.    The defendant insurance companies claim that the policies were canceled, although neither company acknowledged the receipt of the notice of cancellation, neither policy was returned and neither company paid or offered to pay that portion of the unearned premium which would be due under a cancellation.    The plaintiff claims that each policy is in force because neither policy was returned with the notice of cancellation or afterward, and that at the time of the fire the policies were in the possession of the plaintiff.    Consideration has been given by the Court of Appeals, not only to the sections of the Insurance Law* relating to cancellation of policies, but also to the cancellation provisions of the standard form of insurance policies.    Such consideration has resulted in a construction which seems, at least so far as this court is concerned, to be conclusive.    The court has decided what constitutes a cancellation where the insured is the actor as well as where the company takes the initiative.    (*Buckley* v. *Citizens' Ins. Co.*, 188 N. Y. 399.) The contention here by the counsel representing the defendant companies that these expressions by the Court of Appeals are entirely *obiter* does not seem to be justified.    Judgment may be entered in each action in favor of the plaintiff and against the defendant, with costs.

* See Consol. Laws, chap. 28 (Laws of 1909, chap. 33), § 122 *et seq.*— [REP.