CONTINENTAL INS. CO. OF NEW YORK *v.* R. W. PERRY.
CONTINENTAL INS. CO. OF NEW YORK *et al. v.* SAME
(*Knoxville.* September Term, 1917.)

INSURANCE. Construction of policy. Following Decisions from
other States.

Where the policies sued on are the standard policies provided
by the statutes of New York, under which defendant insur-
ance companies are chartered, the construction given by the
New York courts, that the provision of the policies, as re-
quired by statute, that on their cancellation unearned premi-
ums shall be returned, is a condition precedent to cancellation,
not being arbitrary or unreasonable, or working a hardship
upon the insurer, will be followed.

Cases cited and approved: Tisdell v. New Hampshire Fire
Insurance Co., 155 N. Y., 163; Buckley v. Citizens Ins. Co.,
188 N. Y., 399; Gosch v. Fireman's Ins. Co., 33 Pa. Super. Ct.,
496; Taylor v. Ins. Co., 25 Okla., 92; Fire Ins. Co. v. Clarke,
116 Md., 622; Schwarzchild & Sulzberger Co. v. Phoenix Ins.
Co. (C. C.), 115 Fed., 653; El Paso Reduction Co. v. Hartford
Fire Ins. Co. (C. C.), 121 Fed., 937; Hillock v. Traders' Ins.
Co., 54 Mich., 531; Davidson v. German Ins. Co., 74 N. J. Law,
489; Webb v. Granite State Fire Ins. Co., 164 Mich., 139;
Citizens' Ins. Co. v. Henderson Elevator Co., 123 Ky., 478;
Newark Fire Ins. Co. v. Sammos, 11 Ill. App., 230; Hartford
Fire Ins. Co. v. Reynolds, 36 Mich., 502; Mangrum & Otter v.
Law Union & Rock Ins. Co., 172 Cal., 497; Parsons & Arbaugh
v. Northwestern Nat. Ins. Co., 133 Iowa, 532; Ins. Co. v.
Brecheisen, 50 Ohio St., 542; Hopkins & Cochran v. Phoenix,
78 Iowa, 345; Straker v. Phoenix Ins. Co. of Brooklyn, 101
Wis., 421.

## FROM KNOX.

Appeal from the Circuit Court of Knox County.— Von A. Huffaker, Judge.

Webb & Baker and Green, Webb & Tate, for appellant.

Harris & Beeler, L. D. Smith and J. R. Penland, for appellee.

Mr. Justice Lansden delivered the opinion of the Court.

These suits were commenced in the circuit court of Knox county to recover upon two certain policies of fire insurance. The policies are the standard policies provided by the statutes of New York. The question to be discussed in this opinion is the effect to be given to five days' notice of an intention to cancel the policies, without payment or tender of payment of the unearned premium at the time the notice is given. The provision with respect to cancellation is as follows:

"This policy shall be canceled at any time, at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as herein before provided, or become void or cease, the premium having been actually paid, the unearned premium shall be returned on surrender

of this policy or last renewal, this company retaining the customary short rate, except that when this policy is canceled by this company by giving notice it shall retain only the *pro rata* premium."

The premium on the policies for the full time which they had to run was paid by the insured at the time of the issuance of the policies, and five days' notice of an intention to cancel the policies by the company was given, but the unearned premium was not returned, nor was tender thereof made, at the time notice was given.

The question made in this case of the sufficiency of the notice without tender or repayment of the unearned premium has been before the courts of appeals of New York in three cases. The first was that of *Nicht* v. *American Central Insurance Co.,* in which a judgment of the supreme court of that State was affirmed without an opinion in writing. The question came again before the court in the case of *Tisdell* v. *New Hampshire Fire Insurance Co.,* 155 N. Y., 163, 49 N. E., 664, 40 L. R. A., 765. The court adhered to its former ruling and held that there must be payment or tender of payment of the unearned premium at the time notice is given, in order for the company to effect a cancellation. There was a dissenting opinion in this case by Chief Justice Parker, and that dissent has been made the basis of a divergence of judicial opinion in some jurisdictions. Later the same question was before the court of appeals of New York in the case

of *Buckley* v. *Citizens' Insurance Co.*, 188 N. Y., 399, 81 N. E., 165, 13 L. R. A. (N. S.), 889. This case re-affirmed the previous holding of that court, and since the decision of this case the interpretation of this clause of the standard policy has not been questioned in that jurisdiction, so far as we are advised. The same view of this clause of the policy has been taken by the superior court of Pennsylvania in the case of *Gosch* v. *Fireman's Insurance Co.*, 33 Pa. Super. Ct., 496, and by the court in *Taylor* v. *Insurance Co.*, 25 Okl., 92, 105 Pac., 354, 138 Am. St. Rep., 906. In both of which cases the reasoning of Chief Justice PARKER's dissent is combated very strongly and the position of the majority of the New York court is reinforced and sustained. We are content to follow the New York court and the line of cases which has adopted its reason-ing. We believe the great weight of authority is with that court. The reasoning both *pro* and *con* is substan-tially exhausted and may be found in the following cases: Supporting the New York court are *German Fire Insurance Co.* v. *Clarke*, 116 Md., 622, 82 Atl., 974, 39 L. R. A. (N. S.), 829, Ann. Cas., 1913D, 488, with full annotator's notes and many authorities cited in the opinion of the court; also the works of Messrs. May, Wood, Joyce, and Cooley on the subject of insurance, as well as L. R. A., 1916F, 444, 13 L. R. A. (N. S.), 884, 889, and Ann. Cas., 1917B, 910. The various cases are set out in the foregoing references, and we will not repeat the arguments *pro* and *con* in this opinion.

There are other cases in accord that have been decided since the foregoing annotations came out, but which need not be referred to.

Some of the cases which hold the contrary view are as follows: *Schwarzchild & Sulzberger Co. v. Phoenix Insurance Co.*, (C. C.), 115 Fed., 653; Id., 124 Fed., 52, 59 C. C. A., 572; *El Paso Reduction Co. v. Hartford Fire Insurance Co.* (C. C.), 121 Fed., 937; *Hillock v. Traders' Insurance Co.*, 54 Mich., 531, 20 N. W., 571; *Davidson v. German Ins. Co.*, 74 N. J. Law, 489, 65 Atl., 996, 13 L. R. A., (N. S.), 884, 12 Ann. Cas., 1065; *Webb v. Granite State Fire Insurance Co.*, 164 Mich., 139, 129 N. W., 19; *Citizens' Insurance Co. v. Henderson Elevator Co.*, 123 Ky., 478, 96 S. W., 601, 97 S. W., 810, 124 Am. St. Rep., 371; *Newark Fire Insurance Co. v. Sammons*, 11 Ill. App., 230; *Hartford Fire Insurance Co. v. Reynolds*, 36 Mich., 502; *Mangrum & Otter v. Law, Union & Rock Insurance Co.*, 172 Cal., 497, 157 Pac., 239, L. R. A., 1916F, 440, Ann. Cas., 1917B, 907; *Parsons & Arbaugh v. Northwestern National Insurance Co.*, 133 Iowa, 532, 110 N. W., 907; *Insurance Co. v. Brecheisen*, 50 Ohio St., 542, 35 N. E., 53; *Hopkins & Cochran v. Phoenix*, 78 Iowa, 345, 43 N. W., 197; *Straker v. Phoenix Insurance Co. of Brooklyn*, 101 Wis., 421, 77 N. W., 752; Vance on Insurance, p. 494; Richards on Insurance Law, par. 288, p. 381.

It will be observed from the foregoing citations that the view contrary to the one we here adopt has been advanced by two inferior federal courts, one inferior

138 Tenn.—14

State court, and the courts of last resort in the States of Michigan, New Jersey, California, Iowa, Ohio and Wisconsin, and two text-writers of repute. The great numerical weight of authority is with the holding of the court of appeals of New York. In addition to uniformity of decision much weight should be lent to the holding of the New York court, because the contract in question is statutory in form, and the decision of that court practically amounts to the construction of a local statute by the court of last resort of the State enacting the law. The insurance companies involved here are chartered by the laws of New York, and there certainly can be no doubt of the meaning of the contract in that State. The construction given to it by that court is not arbitrary or unreasonable, and works no hardship upon the insurer. So, without reference to the original views which may have been taken of the contract, we think the construction of the New York court should be followed.

*Affirmed.*