# 614    DECISIONS IN CASES NOT REPORTED.

plaintiff after a trial at the Circuit, and from an order denying a motion for a new trial on the minutes of the court. The action was brought for the recovery of the machinery, pipes and other articles which had been used in a brewery at Fort Hamilton. The ownership of the property was in the plaintiff and that fact was undisputed. The principal question litigated has reference to the demand and refusal to deliver the property. That question was submitted to the jury and must have been decided in favor of the plaintiff, and there is evidence sufficient to support the verdict upon that point. The same thing may be said respecting the damages, and as we find no error in the record, the judgment and order denying the motion for a new trial should be affirmed, with costs. Brown, P. J., and Cullen, J., concurred.

Ida M. Gates, Respondent, v. The New York Recorder Company, Appellant.—Judgment affirmed, with costs. All concur. No opinion.

Patrick McDermott v. The Brooklyn City Railroad Company.—Judgment and order affirmed, with costs.—

DYKMAN, J.: It is the claim of the plaintiff that he has sustained serious personal injuries by reason of the negligence of the defendant, while he was in the service of that company assisting in unloading stone from a scow. It appears from the testimony that the stones were in the hold of the scow, and for the purpose of unloading them they were placed in buckets, which, when filled, were raised by a rope suspended from the boom of a derrick, which was standing on the deck near the boat. When the buckets were raised to a sufficient height they were swung over a wagon standing alongside of the boat ready to receive them. It was the duty of the plaintiff to stand in the wagons, receive the buckets as they swung to him and unload the stone into the wagons. He was engaged in the performance of that duty when he was injured. His claim is that the bucket swung out beyond him and as it swung back it struck him and knocked him off the wagon. The precise claim of negligence is that there was no tag rope attached to the end of the boom; that it was usual to have such a rope with one end fastened to the dock and the other end to the boom, so that when the boom swung over the wagons to unload the buckets, and return it could only swing so far, either off shore or on the land; that while the bucket which injured the plaintiff was in the air the boat was moved forward, and as there was no tag rope to hold the boom and prevent it from swinging around the mast of the derrick, the bucket was carried around the mast, and then returned with a sweep and struck the plaintiff. In short, the claim is that the absence of the tag rope caused the injury and that the failure to provide one was negligence, because that rope with sufficient slack only to allow the boom to carry the bucket over the wagon and back to the proper part of the boat would enable the man holding the guide rope to control the movement of the bucket. The defense was two fold. First, that the plaintiff was not in the employ of the defendant, and, second, that his injury resulted from the carelessness of his fellow-servant. The facts upon which the first defense is based are these: The answer admits the employment of the plaintiff by the defendant. The defendant paid the men employed by Ward. The plaintiff insisted upon the trial that the arrangement with Ward simply authorized him to furnish the machinery, materials and men for the defendant, and the defendant paid them and could discharge them at will. They were all the servants of the company. The trial judge left the question to the jury as one of

fact, in the following language: "So I leave it to you to say, whether the doing of this work was under the direction and control of the Brooklyn City Railroad Company or not. If you find that it was, and that this foreman was acting for the Brooklyn City Railroad Company, then the question arises whether he was negligent in having this boat moved forward with this boom without a tag rope; that is all the question of negligence that there is in this case. You have heard one witness say that it is usual for derricks to have a tag rope fastened to its end, and the other end of the rope fastened to the dock, so that as the boom goes into the dock to unload the bucket and swing back it can only swing back so far, probably lengthwise of the boat and not continue to swing. The difficulty with this boom was, it did not swing out beyond and hit this man, but having swung out beyond, it swung back to the dock with increased velocity, so that the man with the guide rope could not hold it, and so struck him on the wagon and knocked him off. ᴠᴠ as there any negligence in the foreman's moving this boat forward with the boom liable to swing in this way, and if the men did pull it along the dock a few feet as they stated, did that cause this boom to swing out in the way it has been said?" Again, he said: "If you find that the defendant was in control and direction of this work, and moved this boat forward, the question comes down in the case to that and that alone, so far as I can see, whether it was a negligent thing to move the boat forward without having a tag rope on the boom." Again, the trial judge said in his charge: "There is no way to fasten negligence on the company unless you find that they have not furnished the sort of appliances they should have furnished, if they were the ones that furnished this thing at all; you will have first to find that they were in control of it and did it." "Mr. Whitehouse—I ask your honor to charge that if the jury find the derrick and the work they were on was under the charge and control of an independent contractor, Ward and his men, the defendant cannot be held liable." The Court—"I so charge." There was no exception to the charge. The claim of negligence on the part of a fellow-servant is based upon the order of the foreman to move the boat forward at the particular time he did, before the wagon was loaded. The plaintiff answers that contention by saying, that movement of the boat would have been harmless if the tag rope had been in use. We think these questions required the submission of the case to the jury, and the verdict is supported by facts which we must assume were found by the jury, The judgment and order denying the motion for a new trial on the minutes of the court should be affirmed. Brown, P. J., and Cullen, J., concurred,

August Nitch, Respondent, v. American Central Insurance Company, Appellant.—Judgment affirmed. All concur. No opinion.

Richard A. Roberts v. New York and New England Railroad Company.—Re-argument ordered.

Newbold T. Lawrence and Others, Appellants, v. The Town of Hempstead, Respondent.— BROWN, P. J.: In this case I concur with the views expressed by Justice Pratt in his opinion written on the former argument. The judgment must, therefore, be reversed, and there must be a new trial, with costs to abide the event. In this conclusion Justice Pratt concurs.

DYKMAN, J. (dissenting): This is an action to quiet the title to a large tract of land in Queens. county and prevent interference