WALTHEAR v. PENNSYLVANIA FIRE INS. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

INSURANCE—POLICY—CANCELLATION—RETURN OF UNEARNED PREMIUMS—TENDER.

Where a policy provides, in case of its cancellation, that the unearned portion of the premiums shall be returned on surrender of the policy, a notice to insured of its cancellation, stating that the unearned premiums, if any, are held subject to the order of insured and return of the policy, is sufficient to cancel the policy, without further tender of the unearned premiums.

Appeal from circuit court.

Action by Waldemar A. Walthear, doing business as Walthear & Co., against the Pennsylvania Fire Insurance Company. From a judgment for plaintiff, entered on a verdict directed by the court, defendant appeals. Reversed.

The action was brought to recover damages for loss by fire upon a policy of insurance dated August 17, 1892, issued by the defendant upon property of the plaintiff. The policy was in the standard New York form, and contained, among others, the following conditions: "This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short° rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium." It is admitted that on October 3, 1892, the plaintiff received from the defendant a notice stating, among other things, that "on and after the 6th day of October, 1892, at noon, the said policy will be held by the company as canceled and void, and no claim thereunder for loss from fire occurring after said date will be recognized or admitted by the company. The unearned premium due, if any, will be held subject to your order and

return of the policy." The plaintiff does not appear to have paid any atten-
tion to this notice, or in any way to have replied to it. Thereafter, the fire
which damaged plaintiff's property having occurred on November 5, 1892, he
made a claim for the resulting damages. The plaintiff never surrendered to
the defendant or its agents the policy ot insurance, and the defendant never
returned to the plaintiff any portion of the premium. Both parties asked the
court to direct a verdict in their favor respectively, and the court directed for
the plaintiff, and from the judgment entered upon such verdict this appeal is
taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

Michael H. Cardozo, for appellant.

Henry Thompson, for respondent.

O'BRIEN, J. The legal question is, can a fire insurance com-
pany terminate a policy without actually returning and paying to
the assured the unearned premium? It is insisted by the respond-
ent that the covenant not to retain the premium is an integral part
of the cancellation proviso, and that the payment of the unearned
premium is no less an essential part of the act of cancellation;
that, to cancel the policy, it must return the unearned premium;
and that the language "not to retain" is not satisfied by an actual
retention, nor is it any excuse for actual retention to say to plain-
tiff that "the unearned premium, if any, will be held subject to your
order and return of the policy," for the reason that the language
calls for affirmative action on the part of the company; their duty
being to get rid of the unearned premium if they desire to get rid
of their contract obligation. Support for this contention is claimed
to be found in the case of Nitch v. Insurance Co., 83 Hun, 614, 31
N. Y. Supp. 1131, and, following this decision, the case of Tisdell
v. Insurance Co., 11 Misc. 20, 32 N. Y. Supp. 166. We do not think
the Nitch Case goes to the extent claimed for it by the respondent,
nor is it controlling, by reason of the difference which we will point
out upon the facts here appearing. The learned judge, in writing
the opinion in that case, presents the case therein disposed of by say-
ing:

The defendant "contends that by nature of this language the insurance com-
pany can effectively and absolutely terminate its liability as an insurer sim-
ply by giving to the insured the prescribed five days' notice, and without re-
turning or tendering the unearned premiums."

And, after construing the provision in the standard policy, and
speaking of the company's duty in regard to the unearned pre-
mium, he concludes the opinion as follows:

"The latter requirement * * * can only be complied with by actually re-
turning the unearned premium, or offering to return it, to the insured. Read-
ing the entire provision as a whole, I am clearly of the opinion that it makes
the actual payment or tender of the unearned premium essential to a can-
cellation of the policy by the company."

It will thus be seen that the court in that case did not hold that
there must be an actual return of the unearned premium, but there
must be either that or an offer to return it to the insured. Hav-
ing regard to the language used in the notice of cancellation, we

think that the latter was just what was done here, namely, that the company offered to return the unearned premium upon a return of the policy, which was clearly within the language of the policy. As will be seen on reading its language, the duty was imposed upon the assured of returning the policy upon receipt of the unearned premium, and it would be violating the plain language of the provision to say that the company was pledged actually to deliver the money, irrespective of whether the insured would return the policy or not. Upon receiving such a notice, we think the insured should have taken some action, either by replying to the letter or by going with the policy and receiving the money, or by sending it, and ordering just what he wished done in regard to the unearned premium; for if we should take the view that the insured had no duty resting upon him, and notice was sent that the unearned premium was subject to his order, then he would hold the position where, if a fire occurred, as here, he could claim that the policy was in force, and, if no fire occurred, he could, after the policy terminated, recover from the company the unearned premium. The concluding statement of the notice, that "the unearned premium due, if any, will be held subject to your order and return of the policy," was effectual, at the end of the five days in such notice specified, to cancel the policy, and to give the insured a right to the unearned premium upon returning the policy. The distinction, therefore, between this and the Nitch Case will be found in the fact, which we have adverted to, that there was in that case no return or offer to return the premium, while in this case there was a distinct offer; because we think the statement that the unearned premium was held subject to the order of the insured and the return of the policy was equivalent to a tender or offer of such unearned premium. And the coupling of the tender with the request for a return of the policy did not destroy its efficacy as a tender, because the condition was one that the company, under the express language of the provision, had a right to add to its offer.

Our conclusion, therefore, is that the direction of a verdict in plaintiff's favor was erroneous, and that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.