BACKUS et al. v. EXCHANGE FIRE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

INSURANCE POLICY—NOTICE OF CANCELLATION—RETURN OF PREMIUM.
  Where, by the terms of an insurance policy, it could be canceled at any time, by the insurance company giving five days' notice of such cancellation, and when so canceled, if the premium thereon has been paid, the unearned portion thereof should be returned on surrender of the policy, the payment of such unearned portion of the premium is not a prerequisite to the cancellation of the policy, if the insurance company offers to return the same on demand and surrender of policy in its notice of cancellation.

Appeal from trial term.

Action by Edward W. Backus and another against the Exchange Fire Insurance Company of the City of New York on an insurance policy. Judgment for defendant. Plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, BARRETT, PATTERSON, and INGRAHAM, JJ.

E. V. Slauson, for appellants.
Michael H. Cardozo, for respondent.

INGRAHAM, J. This case was brought on for trial at a trial term of the court, trial by jury having been waived, upon a stipulation as to the facts, and judgment was directed for the defendant. The parties, by their stipulation, agree that the only question at issue is the construction of the provision in the policy relating to a cancellation thereof, and state the question to be as follows:

"The plaintiffs claim that the said policy was not canceled by the defendant by the service of said notice on the plaintiffs, for the reason that same was not accompanied by payment or tender to the plaintiffs of the unearned premium

thereof. The defendant claims that said policy was legally canceled by said notice without payment or tender of said unearned premium, and that it was the duty of the plaintiffs, after receiving said notice, to surrender, or offer to surrender, said policy to the defendant, and demand payment of said unearned premium, if the plaintiffs desired to obtain the same."

The provision in the policy referred to provides that the policy shall be canceled at any time at the request of the insured, or by the company, by giving five days' notice of such cancellation.

"If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that, when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium." .

The policy was issued on the 2d day of November, 1892, and on the 15th day of July, 1893, the defendant posted a letter to the plaintiffs, which was received by the plaintiffs on the 17th day of July, 1893, which says:

"The Exchange Fire Insurance Company of New York herewith gives five days' notice of its intention to cancel policy No. 316,627, issued to E. W. Backus & Co., owner, and ——, mortgagee, for $2,500, location at Minneapolis, Minn., in accordance with the stipulations and provisions embraced in lines Nos. 51 to 55, both inclusive, of the printed conditions of said policy, to wit: [The clause of the policy is then quoted, and the notice continued as follows:] Please take special notice that all liability of said Exchange Fire Insurance Company under said policy will absolutely cease at noon, July 20, 1893, unless surrender thereof to said company be sooner made, and the pro rata unearned premium thereon will be paid upon proper demand and surrender of policy."

No demand was made upon the insurance company for this premium, nor was the policy or last renewal ever surrendered, nor did the company make any further tender of the unearned premium mentioned in this letter. No point is made by the appellants of the sufficiency of this notice to cancel the policy, or of the sufficiency of this letter as a notice that the defendant intended to exercise its option that the policy should be canceled. The only claim made is that an actual or a formal tender of the unearned premium was essential to the cancellation of the policy by the company. The clause in the policy provides that it may be canceled at any time by the company by giving five days' notice of such cancellation. This notice by the company to the plaintiffs did give five days' notice of the cancellation; and, under the provisions of the policy, by such notice the policy was canceled. The further provision that the unearned portion of the premium should be returned on surrender of the policy or last renewal did not require the repayment of the unearned premium as a condition precedent to the cancellation of the policy. The pro rata premium was only to be returned on surrender of the policy or last renewal. That surrender of the policy was an act to be performed by the insured. It cannot be enforced by the insurance company, as it is in the possession of the insured. All that the defendant could do was to notify the insured that the policy was canceled, and offer to pay the pro rata unearned premium upon the surrender of the policy. It then became the duty of the insured to offer to surrender the policy or last renewal, and then the obligation of the insurance company to pay the pro rata premium would arise.

If a surrender of the policy had been tendered by the insured, and the insurance company had then refused to pay the pro rata unearned premium, it might be that the obligation of the company under the policy would revive, and the policy continue in force; but, under the form of this clause providing for the cancellation, it seems to me quite clear that the policy was canceled by a service of the notice, with an offer then to return the pro rata unearned premium upon the surrender of the policy.

The case of Walthear v. Insurance Co., 2 App. Div. 330, 37 N. Y. Supp. 857, is in point; and the reason given by the court in that case to show that the case of Nitch v. Insurance Co., 83 Hun, 614, 31 N. Y. Supp. 1131, affirmed by the court of appeals in 152 N. Y. 635, 46 N. E. 1149, is distinguishable, applies as well to this case as to the Walthear Case.   In the latter case the court say:

"The distinction, therefore, between this and the Nitch Case, will be found in the fact which we have adverted to,—that there was in that case no return or offer to return the premium, while in this case there was a distinct offer."

In the case at bar it will be noticed that there was a distinct offer to repay the pro rata unearned premium upon demand and surrender of the policy, and this case is therefore brought directly within the decision of the Walthear Case.

We think that the judgment was right, and it is affirmed, with costs.   All concur.