EDWARD W. BACKUS and JOHN H. ROWE, Appellants, *v.* THE EXCHANGE FIRE INSURANCE COMPANY of the City of New York, Respondent.

*Fire insurance policy — notice of its cancellation by the insurer — an offer in the notice to return the unearned premium on surrender of the policy is sufficient, without an actual tender thereof.*

Where a policy of fire insurance provides that the insurer may cancel it upon five days' notice to the insured, and that if it be so canceled any unearned portion of the premium actually paid shall be returned to the insured upon the surren-

der of the policy or of its last renewal, an actual and formal tender of the unearned premium by the company, at the time of service of the notice, is not essential to a cancellation of the policy on its part, where the notice states that such unearned premium will be paid when the surrender is made.*

APPEAL by the plaintiffs, Edward W. Backus and another, from a judgment of the Supreme Court in favor of the defendant bearing date the 30th day of June, 1897, and entered in the office of the clerk of the county of New York upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

This action was brought to recover the amount of a policy of fire insurance issued by the defendant, dated November 2, 1892, and having one year to run, upon property owned by the plaintiffs which was destroyed by fire in September, 1893.

*E. V. Slauson,* for the appellants.

*Michael H. Cardozo,* for the respondent.

INGRAHAM, J. :

This case was brought on for trial at a Trial Term of the court, a jury having been waived, upon a stipulation as to the facts, and judgment was directed for the defendant. The parties agree that the only question at issue is the construction of the provision in the policy relating to a cancellation thereof, and state the question to be as follows: "The plaintiffs claim that said policy was not canceled by the defendant by the service of said notice on the plaintiffs, for the reason that same was not accompanied by payment or tender to the plaintiffs of the unearned premium thereof. The defendant claims that said policy was legally canceled by said notice without payment or tender of said unearned premium, and that it was the duty of the plaintiffs after receiving said notice to surrender or offer to surrender said policy to the defendant, and demand payment of said unearned premium, if the plaintiffs desired to obtain the same." The provision in the policy referred to provides that the policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. "If this policy shall be canceled as hereinbefore pro-

---

* See *Tisdell* v. *New Hampshire Fire Ins. Co.* (155 N. Y. 163).—[REP.

vided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice, it shall retain only the *pro rata premium.*" The policy was issued on the 2d day of November, 1892, and on the 15th day of July, 1893, the defendant posted a letter to the plaintiffs, which was received by the plaintiffs on the 17th day of July, 1893, which says : " The Exchange Fire Insurance Company of New York herewith gives five days' notice of its intention to cancel policy No. 316,627, issued to E. W. Backus & Co. owner, and ———— mortgagee, for $2,500, location at Minneapolis, Minn., in accordance with the stipulations and provisions embraced in lines Nos. 51 to 55, both inclusive, of the printed conditions of said policy, to wit." The clause of the policy is then quoted and the notice continues as follows : " Please take special notice that all liability of said Exchange Fire Insurance Company, under said policy, will absolutely cease at noon July 20, 1893, unless surrender thereof to said company be sooner made, and the *pro rata* unearned premium thereon will be paid upon proper demand and surrender of policy."

No demand was made upon the insurance company for this premium, nor was the policy or last renewal ever surrendered, nor did the company make any further tender of the unearned premium mentioned in this letter. No point is made by the appellants of the sufficiency of this notice to cancel the policy, or of the sufficiency of this letter as a notice that the defendant intended to exercise its option that the policy should be canceled. The only claim made is that an actual or a formal tender of the unearned premium was essential to the cancellation of the policy by the company. The clause in the policy provides that it may be canceled at any time by the company by giving five days' notice of such cancellation.

This notice by the company to the plaintiffs did give five days' notice of the cancellation, and, under the provisions of the policy, by such notice the policy was canceled. The further provision, that the unearned portion of the premium should be returned on surrender of the policy or last renewal, did not require the repayment of the unearned premium as a condition precedent to the cancella-

tion of the policy. The *pro rata* premium was only to be returned on surrender of the policy or last renewal. That surrender of the policy was an act to be performed by the insured. It cannot be enforced by the insurance company, as it is in the possession of the insured. All that the defendant could do was to notify the insured that the policy was canceled and offer to pay the *pro rata* unearned premium upon the surrender of the policy. It then became the duty of the insured to offer to surrender the policy or last renewal, and then the obligation of the insurance company to pay the *pro rata* premium would arise. If a surrender of the policy had been tendered by the insured and the insurance company had then refused to pay the *pro rata* unearned premium, it might be that the obligation of the company under the policy would revive and the policy continue in force, but, under the form of this clause providing for the cancellation, it seems to me quite clear that the policy was canceled by a service of the notice with an offer then to return the *pro rata* unearned premium upon the surrender of the policy.

The case of *Walthear* v. *Pennsylvania Fire Ins. Co.* (2 App. Div. 330) is in point, and the reason given by the court in that case to show that the case of *Nitch* v. *Am. Cent. Ins. Co.* (83 Hun, 614; affd. by the Court of Appeals, 152 N. Y. 635) is distinguishable applies as well to this case as to the *Walthear* case. In the latter case the court say: " The distinction, therefore, between this and the *Nitsch* case will be found in the fact, which we have adverted to, that there was in that case no return or offer to return the premium, while in this case there was a distinct offer." In the case at bar it will be noticed that there was a distinct offer to repay the *pro rata* unearned premium upon demand and surrender of the policy, and this case is, therefore, brought directly within the decision of the *Walthear* case.

We think that the judgment was right, and it is affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.