WILLIAM A. BOUTWELL, Appellant, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

INSURANCE (FIRE) — RETURN OF BINDING SLIP WITH REQUEST TO "MARK THIS OFF" — NOT A REQUEST TO CANCEL POLICY. The return of a binding slip for insurance, with a request to "mark this off," is not a request to cancel the contract within the meaning of the Insurance Law relating to the cancellation of policies. By the rejection of such a proposition and the return of the binding slip and the policy issued thereon to the insured the contract of insurance remains unaffected and in full force and the company is estopped from denying its liability.

*Boutwell* v. *Globe & Rutgers Fire Ins. Co.*, 117 App. Div. 904, reversed.

(Argued October 19, 1908; decided November 10, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 29, 1907, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Whitefield Betts, Jr.,* and *William Hazen Peck* for appellant. The referee erred in his first conclusion of law, that the agreement of insurance made with the defendant was terminated and canceled on the 14th of February, 1902, by reason of the return of the binding slip by the agent of the insured with request to the defendant that the said binder be "marked off." (*Hickey* v. *H. F. Ins. Co.*, 92 Hun, 192; 15 App. Div. 224.) The act of the agent Thom-

ason in effecting this insurance was binding against the defendant, whether originally authorized by Mr. Moore or subsequently ratified by him. (Story on Agency, § 445; *Hagedorn* v. *Oliverson*, 2 M. & S. 458; *E. F. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y. 343; *Schang* v. *Martin*, 37 Misc. Rep. 492.)

*Frederic R. Coudert* and *John P. Murray* for respondent. At the time of the fire there was no contract of insurance between Rittenhouse R. Moore and the defendant. (*C. P. I. Co.* v. *A. Ins. Co.*, 127 N. Y. 608.)

Chase, J.   One Thomason, an insurance broker, represented one Moore in obtaining insurance for him upon certain steam dredges owned by Moore. Moore's instructions to Thomason were to carry $10,000 of insurance on each of the dredges *Mobile* and *Fairplay*, and that $10,000 on each dredge was all that he desired to carry at that time.

On February 6, 1902, Thomason, being in some doubt about the amount of insurance in force upon the *Mobile* and endeavoring to carry out his instructions from Moore, applied to Messrs. Jamison & Frelinghuysen, who were the agents of the defendant and of the Manufacturers' Lloyds of New York, for $2,500 insurance on the *Mobile* in each of said companies, and he obtained from said agents a binding slip from each of said companies for such amount of insurance on such steam dredge. Subsequently and before February 14, said agents delivered to Thomason the policy of the Manufacturers' Lloyds. On February 13 Thomason ascertained that he was carrying for Moore $15,000 of insurance on the *Mobile* and immediately wrote Moore a letter in which he said : " I am holding you covered for $10,000 on each dredge. In fact on the *Mobile* I have been $5,000 over, but this policy I shall mark off." On February 14 he returned to said agents the policy of the Manufacturers' Lloyds with an indorsement thereon " Not wanted," and the binding slip of the defendant company with the indorsement thereon " Mark this off."

The policy and binding slip were received by said agents on February 14, and were retained by them until February 15, when they were returned to Thomason with a letter as follows:

"We are in receipt of the enclosed binders and policies No. 51,573 of the National and 44,613 of the Globe. Policies for both of these binders have been issued and we request you to either retain the enclosed policies or explain to us why it is necessary for you to return them.

"Yours truly,

"C. V. M.

"P. S. We enclose you also policy No. 24,901 of the Manufacturers and beg to advise you that we will not mark these policies off, but will cancel same short rate and bill you for the earned premium for the time the same has been in force.

"Yours very truly,

"JAMISON & FRELINGHUYSEN."

The policy therein referred to as No. 44,613 is the policy in suit and the initials "C. V. M." are the initials of the authorized representative of said agents. At three o'clock on the morning of February 15 a fire occurred on the *Mobile* and it was a total loss. Said agents upon ascertaining that a fire had occurred demanded of Thomason a return of said policies, but he refused to return them. Moore thereupon tendered the defendant the premium upon its policy and duly presented proofs of loss thereunder. The defendant replied by letter as follows: "We have received your notice of loss on the 13th inst., under Policy No. 44,614 R. R. Moore, on the Dredge Mobile at Savannah, and in reply would say that we did have a policy on this risk but it was placed by the broker without an order and was marked off. We have therefore to deny any liability whatever under this policy." The claim was assigned to the plaintiff, who brought this action thereon. Judgment was obtained by the defendant dismissing the plaintiff's complaint. An appeal

was taken therefrom to the Appellate Division, where such judgment was affirmed by a divided court, and an appeal from the judgment of affirmance is taken to this court.

It is provided by section 122 of the Insurance Law (Chapter 690, Laws of 1892) as follows : " Any corporation, person, company or association transacting the business of fire insurance in this state shall cancel any policy of insurance upon the request of the insured or his legal representatives, and shall return to him or to such representative the amount of premium paid, less the customary short rate premium for the expired time of the full term for which the policy has been issued or renewed, notwithstanding anything in the policy to the contrary   *   *   *."

This court in *Crown Point Iron Company* v. *Ætna Insurance Company* (127 N. Y. 608), in referring to the authority of an insured to cancel a policy of insurance, say : " The command of the statute is clear, and no discretion or option is left to the company. The sole requirement to set the command in motion is a request by the insured, and after that request is made, the further continuance of the contract would be in contravention of the statute   *   *   *."

" It was not necessary, as we think, that there should be any action on the part of the company. No formal cancellation or physical defacement of the policy was required, because by virtue of the contract and the statute, the surrender of a policy with a request that it be terminated, operates as a cancellation, even if the insurer absolutely refuses to permit it to be canceled." The contract and statute referred to in the *Crown Point Iron Co.* case are substantially the same as those now under consideration.

If Thomason, representing Moore, by sending the binding slip to the agents with the words " Mark this off " thereon, intended unconditionally to request the cancellation of the contract, then the contract became thereby immediately canceled. No act of the defendant was necessary. No act of the defendant after the receipt of the request in any way affected the cancellation, as the binding slip became by the

request of no effect. It is claimed by the plaintiff, however, that the insured did not unconditionally request the cancellation of the policy. So far as the intention was expressed in words, it is found in the indorsement "Mark this off." It is claimed by the plaintiff that such words had a well-known meaning among insurance men and that Thomason meant by such words that the policy should be marked from the books of the defendant as if it had never been issued or in force, in which case Moore would not have been liable to the defendant for any premium. The insurance agents so interpreted Thomason's intention. Their understanding of the request is shown by their letter in which they refuse to assent to Thomason's request, but suggest that they would cancel the policy at short rates. If they had understood the binding slip with Thomason's indorsement as an unconditional request to cancel the contract they would not have returned the binding slip or issued and delivered a policy in accordance with its provisions. Thomason undoubtedly intended to terminate the contract providing he could do so without imposing a liability upon Moore for the premium during the time that the binding slip had been in force. If Thomason had requested the cancellation of the contract and at the same time, but independently of the cancellation, requested that the defendant mark the policy from its books without charging Moore with any premium, it would have resulted in the cancellation of the insurance contract whether the defendant assented to the independent proposition in regard to the premium or not. The question of the unpaid premium and the amount thereof would then have been left open for determination by the parties. The request as made carried with it and as a part of it, the abandonment by the defendant of any claim for insurance premium. To avoid an assent to the conditional proposition it was necessary for the agents to reject it wholly. The rejection of the proposition left the binding slip and the policy issued thereon unaffected and in full force at the time when the loss occurred. It is possible that Moore would have been unwilling to pay the short rate premium to have the

policy canceled under the statute and that in preference to canceling the policy under the statute he would have paid the premium provided by the policy and retained it as a continuing obligation. At least he was entitled to exercise his judgment upon such proposition. A request to mark a policy from the books of a company without paying any premium for the time that the contract has been in force is entirely different from a request to cancel a policy as provided by the statute and the terms of the policy itself.

In the first case the insurer has a right to accept or reject the proposition. In the latter case the receipt of the request *ipso facto* cancels the contract. The parties have treated Thomason's request as conditional, and the contract as in force at the time of the loss. Moore had a legal right to ratify the acts of his agent Thomason and accept the contract. (Story on Agency, sec. 445; *Excelsior Fire Ins. Co.* v. *Royal Ins. Co.*, 55 N. Y. 343.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BART-LETT and HISCOCK, JJ., concur.

Judgment reversed, etc.