GATELY-HAIRE COMPANY (INCORPORATED), Respondent, *v.* NIAGARA FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

Insurance (fire) — cancellation of policy — when notice of cancellation of fire insurance policy given by insured and received by insurer effective, although insurer took no action with reference thereto until after loss by fire — construction and application of section 122 of Insurance Law (Cons. Laws, ch. 28) relating to cancellation of policies of fire insurance.

Where notice of cancellation of a fire insurance policy is received by an insurer from an assured prior to a loss thereunder, the policy is *ipso facto* terminated. A surrender of the policy by the assured, or return of unearned premium by the insurer, is not a condition precedent to a termination of the policy contract. *Held*, the notice of cancellation in this case complied with the requirements of the Insurance Law, section 122; hence the policy was not in force at the time of the loss. (*Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608, 614; *Boutwell* v. *Globe & Rutgers Fire Ins. Co.*, 193 N. Y. 323, followed. *Buckley* v. *Citizens Insurance Co. of Mo.*, 188 N. Y. 394, 404, explained.)

*Gately-Haire Co.* v. *Niagara Fire Ins. Co.*, 176 App. Div. 921, reversed.

(Argued April 17, 1917; decided July 11, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 5, 1917, modifying and affirming as modified a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for judgment in its favor upon the pleadings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ralph W. Gwinn* for appellant. Nothing but the "request" of the insured communicated to the insurer is required to cancel immediately any fire insurance policy. (*Boutwell* v. *G. & R. F. Ins. Co.*, 193 N. Y. 323; *C. P.*

*Iron Co.* v. *A. Ins. Co.,* 127 N. Y. 608.) The mere "request" cancels the insurance without and irrespective of any other act by the insured or the insurer. (*Newark Fire Ins. Co.* v. *Simmons,* 11 Ill. App. 239; *Webb* v. *Granite State Fire Ins. Co.,* 164 Mich. 139; *Colby* v. *Cedar Rapids Ins. Co.,* 66 Iowa, 577; *Skillings* v. *Royal Ins. Co.,* 6 Ont. L. Rep. 401; *Parsons* v. *North Western Ins. Co.,* 133 Iowa, 532; *Davidson* v. *German Ins. Co.,* 74 N. J. L. 487; *El Paso Co.* v. *Hartford Fire Ins. Co.,* 121 Fed. Rep. 937; *Hillock* v. *Traders Ins. Co.,* 54 Mich. 531.)

*Franklin M. Danaher* for respondent. The letters of the insured to the respective companies of date of January 18, 1916, did not in either case request the cancellation of the policies in suit. (*Griffey* v. *N. Y. C. Ins. Co.,* 100 N. Y. 417; Richards on Ins. [3d ed.] 384; *Boutwell* v. *G. & R. Ins. Co.,* 193 N. Y. 326; *Van Valkenburgh* v. *Lenox F. Ins. Co.,* 51 N. Y. 465; *Partridge* v. *M. M. Ins. Co.,* 13 App. Div. 519; 162 N. Y. 597; *Smith Lumber Co.* v. *Colonial Assur. Co.,* 172 App. Div. 149; 3 Cooley on Ins. 2793.) If the letters of January 18, 1916, can be construed to contain a request to cancel the policies, that request was coupled with a condition that the companies give the matter their immediate attention. Their neglect to pay or tender the unearned premium and to demand or accept a surrender of the policies before the fire estops them from claiming, after the fire, a cancellation thereof before the fire. (*Van Valkenburgh* v. *Lenox F. Ins. Co.,* 51 N. Y. 465; *C. P. I. Ins. Co.* v. *A. E. Ins. Co.,* 127 N. Y. 618; *Hickey* v. *H. F. Ins. Co.,* 15 App. Div. 224.) It is admitted that the policies were never returned nor surrendered for cancellation nor tendered nor demanded for that purpose and that the unearned premiums were never demanded, paid or tendered, and that the policies were in the possession of the insured at the time of the fire, hence there was no valid cancella-

## 164 GATELY-HAIRE CO. *v.* NIAGARA FIRE INS. CO.

tion in any event of the policies by plaintiff's letters of January 18, 1916. (3 Cooley on Ins. 2804, 2805; *Buckley* v. *C. Ins. Co.*, 188 N. Y. 399; *Tisdell* v. *N. H. F. Ins. Co.*, 155 N. Y. 163; *C. P. I. Works* v. *A. E. Ins. Co.*, 127 N. Y. 608; *Train* v. *H. P. Ins. Co.*, 62 N. Y. 598; *Boutwell* v. *G. & R. F. Ins. Co.*, 193 N. Y. 323; *Birnstein* v. *S. F. Ins. Co.*, 83 App. Div. 436; *Hickey* v. *H. F. Ins. Co.*,15 App. Div. 224; *G. H. Co.* v. *L., L. & G. Ins. Co.*, 122 App. Div. 155; *Hancock* v. *H. F. Ins. Co.*, 81 Misc. Rep. 160.) The policies were not validly canceled at the time of the fire and were outstanding obligations of the defendant insurance companies because the companies did not before the fire either return or pay or tender to the insured the unearned premiums, and the same had not been waived by the voluntary surrender of the policies. (*Buckley* v. *C. Ins. Co.*, 188 N. Y. 399; *Tisdell* v. *N. H. F. Ins. Co.*, 155 N. Y. 163; *Hickey* v. *H. F. Ins. Co.*, 15 App. Div. 224.)

HOGAN, J. The complaint in this action alleged that by a certain policy of insurance, dated May 5th, 1915, the defendant in consideration of a premium to it paid by the copartnership of Fitch & Hahn, insured said firm against loss or damage by fire on enumerated personal property for the period of one year. In July, 1915, the plaintiff having purchased from Fitch & Hahn the insured property, the policy of insurance, with the consent of the defendant, was assigned and transferred to the plaintiff. On January 27th, 1916, the property described in the policy was damaged and in part destroyed by fire. Plaintiff thereafter duly served on defendant verified proof of loss with a demand for payment of the amount claimed by reason of the loss. Defendant refused to recognize a liability under the policy. The answer served by defendant admitted the foregoing facts.

A further allegation of the complaint that the policy was in force at the time of the loss was denied in the

answer. As an affirmative defense defendant alleged that under a provision of the policy which was set forth at length in the answer, defendant was required to cancel the contract when requested so to do by the assured; that on January 18th, 1916, nine days prior to the loss, the plaintiff made such request by a notice in writing addressed to defendant which was received by defendant the same day, which reads:

> "GATELY-HAIRE CO., INC.,
> "108 State Street,
> "Albany, N. Y.
>                              "*Jan.* 18, 1916.
> "Messrs. VAN ALLEN & HAMILTON,
> "8 Tweddle Building,
> "Albany, N. Y.:

"GENTLEMEN.— On taking our inventory we find we are carrying more insurance than is necessary. We wish to cancel policy No. 15,997 with the Niagara Fire Insurance Co. of the City of New York for $3,000. This cancellation to take effect at once.

"Please give this matter your immediate attention and oblige,

> "Yours very truly,
> "GATELY-HAIRE CO., INC.,
> "Per J. L. GATELY, *Pres.*"

Each party moved for judgment on the pleadings. The application of defendant was denied. Judgment for the relief demanded in the complaint was granted to plaintiff.

Upon appeal therefrom a slight modification was made by the Appellate Division, and as so modified the judgment was affirmed. Defendant appeals to this court.

The question presented by the pleadings is one of law, viz.: Was the policy of insurance in force on January 27th, 1916, the day when the loss occurred? The opinion of the justice at Special Term tersely stated the claims

made by counsel for both parties, and evidently determined that the failure of plaintiff to surrender the policy with the notice of cancellation or prior to the loss, continued the contract of insurance in force. I have reached a contrary conclusion.

Section 122 of the Insurance Law (Cons. Laws, chap. 28; formerly section 3, chapter 110, Laws of 1880) was enacted for the protection of an assured and conferred upon the assured the sole right to cancel a policy of fire insurance. It reads as follows:

"Any corporation, person, company or association transacting the business of fire insurance in this state shall cancel any policy of insurance upon the request of the insured or his legal representatives, and shall return to him or to such representative the amount of premium paid, less the customary short rate premium for the expired time of the full term for which the policy has been issued or renewed, notwithstanding anything in the policy to the contrary.   *   *   *"

Counsel for respondent argued that the letter of January 18th, addressed by plaintiff to defendant, was not a request to cancel the policy within the meaning of the Insurance Law for the reason that the statute requires a request thereunder to be couched in terms positive and unequivocal; that plaintiff merely expressed a "wish" to cancel the policy rather than a "request" that same be canceled, hence plaintiff failed to exercise the privilege secured to it to cancel the policy. The attempted distinction between the expressions "wish" and "request" is unwarranted. A casual reading of the communication discloses the unmistakable intention of the plaintiff. It was carrying more insurance than its inventory warranted. It expressed a desire to have the policy issued by defendant canceled, not at a future day or upon any condition but "at once" and the urgency of the demand made was emphasized by a request that defendant give "*immediate attention*" to the same. I conclude that the

notice of cancellation fully complied with the requirement of the statute. Counsel contends that even assuming the notice of cancellation was sufficient in form, nevertheless it was ineffective to terminate the contract because the defendant did not give " immediate attention " to a cancellation of the policy as requested or take steps to cancel the policy. That argument proceeds upon the assumption that subsequent to a notice of cancellation received by an insurer from an assured some affirmative act on the part of the insurer is necessary to terminate the contract. The answer to the suggestion is two-fold, *first,* the statute which has been in force for a long period of time does not so provide but on the contrary authorizes an assured to cancel the policy at any time upon making request for cancellation and requires the insurer to cancel upon receipt of such request; *second,* the construction placed upon the statute by the decisions of this court is to the contrary. (*Crown Point Iron Co.* v. *Ætna Ins. Co.,* 127 N. Y. 608, 614; *Boutwell* v. *Globe & Rutgers Fire Ins. Co.,* 193 N. Y. 323.) In the *Crown Point* case, as stated in the opinion, the question presented was " Was the policy in force when the fire occurred ? " the identical question presented here. Judge VANN writing for the court in that case quoted the substance of the statute and then interpreted the same in the following language: " The command of the statute is clear and no discretion or option is left to the company. The sole requirement to set the command in motion is a request by the insured, and after that request is made, the further continuance of the contract would be in contravention of the statute." The opinion also referred to the clause of the policy there under review which contained a provision in the language of the policy here considered that the " insurance may be terminated at any time at the request of the assured," and the opinion then continued: " While the method of terminating the insurance upon the motion of the insured is not specified, except that the insured party

is to request it, the language of the contract indicates that the subject is within his control and that the terminating act is to be done by him alone, without any concurrent or supplemental act on the part of the company." The statute as thus construed was approved in the opinion in the *Boutwell* case and must be held controlling in the case at bar upon the parties to this action.

I pass to the suggestion that the policy was in force notwithstanding the request of plaintiff that the same be canceled by reason of a failure of plaintiff to surrender the policy and the omission of defendant to tender or pay the unearned premium thereon. The clause in the policy set out in the answer provides for a cancellation by the company as well as by the assured. It reads:

"This policy shall be cancelled at any time at the request of the insured; or by the company, by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice it shall retain only the *pro rata* premium."

As bearing upon the privilege of the assured to cancel the policy it is essential that the statute and the provision of the policy be read together. The statute peremptorily requires a cancellation upon the request of the assured "notwithstanding anything in the policy to the contrary." The policy is the standard form policy adopted pursuant to legislative authority intended to make effective the requirements of the statute which had been in force since 1880. To adopt the argument of counsel would require this court to read into the statute and the policy approved by law conditions precedent to a cancellation of the policy by an assured which the legislature in

numerous codifications of the statute has omitted to impose.   I cannot assent to such proposition.

The policy provides: "This policy shall be cancelled at any time at the request of the insured; if this policy shall be cancelled as hereinbefore provided (at the request of the insured), the premium having been actually paid, *the unearned premium shall be returned on surrender of the policy or last renewal.*"   Under the statute and language of the policy upon receipt by defendant of the notice of cancellation by plaintiff, the contract was *ipso facto* terminated and "a further continuance of the contract would be in contravention of the statute."   The contract terminated.   The premium having been paid thereon, the policy prepared by legislative direction (Section 121, Insurance Law) provides how and when the unearned premium shall be paid, viz., "on surrender of the policy or last renewal."   It does not provide for a surrender of the policy or refund of unearned premium as condition precedent to effect a cancellation, but recognizes the absolute right of the assured to cancel a policy at any time, and having exercised such right that the assured becomes a creditor of the company for the amount of unearned premium as of the date of cancellation, payable upon surrender of the policy or last renewal.

Certain decisions relied upon by counsel necessitate reference to the clause of the policy relating to the right of an insurer to cancel the same.   The provision is: This policy shall be canceled at any time by the company by giving five days' notice of such cancellation, if this policy shall be cancelled as hereinbefore provided (by giving notice) the premium having been actually paid, it (the company) shall retain only the *pro rata* premium.

In *Nitsch v. American Central Ins. Co.* (affirmed without opinion, 83 Hun, 614; 152 N. Y. 635) the trial justice held that under a like provision in a policy an insurer could not make the notice of cancellation effective and at the same time retain the whole premium, that

the notice of cancellation by the company could only be effective by an actual tender of the unearned premium. That decision was followed in *Tisdell* v. *New Hampshire Fire Ins. Co.* (155 N. Y. 163), and while determining the right of a company to terminate a policy has no application to the right of an assured to cancel the contract.

The case of *Buckley* v. *Citizens Insurance Co. of Mo.* (188 N. Y. 399, 404), cited in the opinion at Special Term and statements contained in the opinions in the *Crown Point* and *Boutwell* cases it is said by counsel are decisive of the right of plaintiff to recover in this action.

An examination of the opinions in the cases cited when interpreted with regard to the subject-matter under consideration by the court demonstrates the fallacy of that argument. In the *Buckley* case the policy was terminated by the company, not by the assured. Accompanying the notice of cancellation the company requested a return of the policy. Buckley returned the policy and thereafter a loss occurred. The unearned premium not having been paid by the company, Buckley asserted that the policy was in force, brought action thereon and recovered judgment. This court reversed the judgment on the ground that the voluntary and unconditional surrender of the policy was as matter of law a waiver of his right to treat the policy as in force until the company paid or tendered to him the unearned premium, distinguishing the cases of *Nitsch* v. *American Cen. Ins. Co.* and *Tisdell* v. *N. H. F. Ins. Co.* Notwithstanding the fact that the reversal of the judgment proceeded upon the sole ground of waiver; that the question of the right of the assured to cancel a policy of insurance under the Insurance Law on the policy was not presented upon the appeal before the court, the opinion continued: "It is a question of vital importance to the insurer and the insured as to the precise meaning of the cancellation clause in the *standard policy*. The situation is not a complicated one and the court desires to so construe the clause that its

meaning may be made clear.  If the insurance company
desires to cancel it must, as we have held in the cases
cited, not only give the notice required, but accompany
it by the payment or tender of the *pro rata* amount of
the unearned premium; it cannot legally demand of the
insured the surrender of the policy and its cancellation
until this is done.  If, on the other hand, the insured
desires to terminate the contract, he must give the notice
of cancellation, allow the company to retain the customary
short rate of unearned premium and surrender the policy.
If the company fail, on demand, to pay the balance of
the premium due he can sue and recover the same."

Counsel for plaintiff interprets the decision of the
*Buckley* case as a determination that a surrender of a
policy is necessary to effectuate a cancellation of the
same.  Reference is not made in the opinion to the pro-
visions of the Insurance Law that an insurer shall upon
request of the assured cancel a policy, nor to the con-
struction placed upon the same by this court sixteen
years before the decision of the *Buckley* case in the
*Crown Point Co.* case, where it was held that the request
of an assured for a cancellation upon receipt of same by
the insurer *ipso facto* terminated the contract.  When
occasion demands that a decision solemnly made by this
court cannot longer be considered as controlling it is the
universal practice not only to indicate that fact in unmis-
takable language but to point out the reasons why such
conclusion has been reached.  Had this court intended to
adopt a rule of construction adverse to the one so clearly
defined in the *Crown Point Co.* case, precise language to
that effect would be found in the opinion.  That it was
not intended to overrule the earlier construction is evi-
denced by the fact that in the *Boutwell Case* (193 N. Y.
323), decided eighteen months after the decision of the
*Buckley* case, this court in an unanimous opinion referred
to the decision of the *Crown Point Co.* case, quoted at
length from the opinion therein upon the interpretation

of the Insurance Law and reiterated the principle that the receipt by an insurer of an unconditional request for cancellation *ipso facto* cancels the contract. The opinion in the *Buckley* case does not change or weaken the construction of the statute as determined in the *Crown Point Co.* case, reaffirmed in the *Boutwell* case. The judge writing in the *Buckley* case in speaking of the unearned premium and surrender of the policy referred to the rights of the parties *subsequent* to the cancellation of the policy. Thus the opinion states, "he [the assured] must * * * allow the company to retain the customary short rate of unearned premium," that is, the premium which would have been payable had the policy been originally written for the time in which it actually remained in force. If the policy in question was not *ipso facto* canceled upon request of the assured, the company was powerless to change the rate of premium and retain the customary short rate, likewise the assured could not demand the balance of the premium, or maintain an action to recover the same if the contract was still in force. The contract terminated by the request, the company was then required by the policy to compute the amount of premium due the assured after such cancellation, for which amount it became a debtor to the assured. Such indebtedness was payable on surrender of the policy. In the event of the failure on the part of the company to pay the same, the assured was then at liberty to " sue and recover the same."

The principle established in the *Crown Point Co.* case, approved in the *Boutwell* case, has been adopted and followed in numerous cases in other jurisdictions (*Webb* v. *Granite S. F. Ins. Co.*, 164 Mich. 139; *Hillock* v. *Traders Ins. Co.*, 54 Mich. 531, 539; *Colby* v. *C. R. Ins. Co.*, 66 Iowa, 577; *Parsons* v. *N. W. Nat. Ins. Co.*, 133 Iowa, 532; *Davidson* v. *German Ins. Co.*, 74 N. J. L. 487; *El Paso R. Co.* v. *Hartford F. Ins. Co.*, 121 Fed. Rep. 937; *Skillings* v. *Royal Ins. Co.*, 6 Ont. L. Rep. 401) and is still the law in this state.

In the *Crown Point Co.* case six several actions against six several insurance companies were tried before a referee who reported in favor of the plaintiff in each action. The judgments entered thereon were reversed by the General Term. On appeal to this court the order of the General Term in the action against the Ætna Company was affirmed; in each of the remaining actions the decision of the General Term was reversed and the judgments entered upon the report of the referee affirmed.

In each case the companies interposed as an affirmative defense that prior to the fire the plaintiff had surrendered the several policies for cancellation and terminated the insurance. The court held that the policy of the Ætna Company, with notice of cancellation, had been received prior to the time of the loss, but that as to the other companies the policies and notice of cancellation were not received until subsequent to the loss.

All that was written in the *Crown Point Co.* case upon the question of surrender of a policy had reference to the facts appearing in that case where there had been a voluntary surrender of the policy by the assured accompanying the request for cancellation.

In the *Boutwell* case, to which reference has been made, a binding slip had been issued but no premium paid thereon or on the policy subsequent to the loss. In an action upon the policy, judgment was rendered for defendant, which was affirmed by the Appellate Division but reversed by this court for the reason that the request for cancellation as made carried with it and as a part of it the abandonment by the defendant company of any claim for insurance premiums, and the court held, "To avoid an assent to the conditional proposition it was necessary for the agents to reject it wholly. The rejection of the proposition left the binding slip and the policy issued thereon unaffected and at full force at the time the loss occurred." (p. 327.)

Additional decisions cited by counsel for plaintiff,

respondent, have been examined and considered. To distinguish each case and excerpts quoted by counsel from the same would extend this already voluminous opinion at too great length.

The judgments of the Appellate Division and Special Term should be reversed, and the complaint dismissed, with costs to appellant in all courts.

McLAUGHLIN, J. (concurring). The plaintiff, nine days before the fire occurred, requested the defendant to cancel the policy. The request was in writing, as follows: " On taking our inventory we find we are carrying more insurance than is necessary. We wish to cancel policy No. 15,997, with the Niagara Fire Insurance Co. of the City of New York for $3,000. This cancellation to take effect at once." After issue had been joined in the action by the service of the answer each party moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The defendant's motion was denied and the plaintiff's granted, and from a judgment entered in favor of the plaintiff for the relief demanded in the complaint an appeal was taken to the Appellate Division, where the judgment was affirmed, and from such affirmance the present appeal is taken.

The sole question presented by the appeal is whether, under the terms of the policy and section 122 of the Insurance Law (Cons. Laws, chap. 28), a request by the insured to have a policy of fire insurance canceled is sufficient to accomplish that purpose without a surrender of the policy. The learned justice sitting at Special Term was of the opinion that the policy having been retained by the plaintiff remained in full force at the time of the fire, notwithstanding the request made prior thereto to cancel, and this was the view entertained by the Appellate Division.

I have been unable to reach such conclusion. To do so necessitates, as it seems to me, not only an utter dis-

regard of the terms of the policy, but also, in effect, a repeal of the statute relating to cancellation.  This provision of the policy is: "This policy shall be cancelled· at any time at the request of the insured; or by the company by giving five days' notice of such cancellation.  If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except when this policy is cancelled by this company by giving notice it shall retain only the *pro rata* premium."  And the statute (Laws of 1892, chap. 690, § 122) reads: "Any corporation, person, company or association transacting the business of fire insurance in this state shall cancel any policy of insurance upon the request of the insured  *  *  *  and shall return to him  *  *  *  the amount of premium paid, less the customary short rate premium for the expired time of the full term for which the policy has been issued or renewed, notwithstanding anything in the policy to the contrary.  *  *  *."

The request which the insured made to have the policy canceled was so clear and explicit that it could not possibly be misunderstood: "We wish to cancel policy No. 15,997  *  *  *.  This cancellation to take effect at once."  What other words could have been used which would have better expressed an intent that the contract be at once terminated?  Obviously the insured, by reason of the over-insurance, wanted the contract immediately terminated so that it could get back the unearned premium.  The intent to cancel was so expressed it could not by any possibility be misunderstood and when received by the insurance company, that moment the policy, *ipso facto*, became canceled. (*Boutwell* v. *Globe & Rutgers Fire Ins. Co.*, 193 N. Y. 323.)  There was nothing for the company to do because it had no option in the matter.  No formal cancellation or physical defacement

of the policy was required, since by the terms of the contract and the statute the request, when received, effected a cancellation. This was clearly pointed out in *Crown Point Iron Co.* v. *Ætna Insurance Co.* (127 N. Y. 608, 614) where the court, speaking through Judge VANN, said: "The command of the statute is clear, and no discretion or option is left to the company. The sole requirement to set the command in motion is a request by the insured, and after that request is made, the further continuance of the contract would be in contravention of the statute * * *."

To the same effect are decisions in other jurisdictions. Thus, in *Webb* v. *Granite State Fire Ins. Co.* (164 Mich. 139) the court said: "We have no hesitation in holding that the cancellation is complete when the notice provided for by the contract is given and that thereafter the relation of the parties is changed from that of insurer and insured to that of debtor and creditor." In *Parsons* v. *North Western Nat. Ins. Co.* (133 Iowa, 532): "The insured having so requested, cancellation necessarily followed." In *Skillings* v. *Royal Ins. Co.* (6 Ont. L. Rep. 401): "The insurance may be terminated by giving written notice to that effect * * *. There is no direction * * * but a written notice must be given to the company or its authorized agent and the giving of that written notice is what constitutes the cancellation."

The policy is only evidence of the contract and its termination in no way depends upon the surrender or destruction of such evidence. (*Hillock* v. *Traders Ins. Co.*, 54 Mich. 531.) The one thing necessary to effect a cancellation is a request made by the insured and received by the insurer. (*Davidson* v. *German Ins. Co.*, 74 N. J. L. 487; *Colby* v. *Cedar Rapids Ins. Co.*, 66 Iowa, 577; *El Paso R. Co.* v. *Hartford Fire Ins. Co.*, 121 Fed. Rep. 937.)

But the citation of authorities seems unnecessary in view of the explicit language of the policy itself. In the

paragraph quoted it will be observed that the first sentence provides for a complete scheme for cancellation either by the insured or the insurer — "This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation." If nothing further appeared in the paragraph, no one, I take it, would seriously contend it was necessary, in order to effect a cancellation, that the policy should be returned. But what follows in the paragraph is another sentence and deals not with cancellation, but only with the rights of the parties *after cancellation has taken place.* Observe the words: "If this policy shall be cancelled as hereinbefore provided  *  *  *  the premium having been actually paid, the unearned portion shall be returned on surrender of this policy.  *  *  *." If the return of the policy be a necessary prerequisite to cancellation, then the last sentence is not only contradictory of the first, but the last five words in the last sentence are meaningless. But they are not. The notice to cancel having been given by the insured and received by the insurer cancellation is complete, and the unearned premium must then be returned upon surrender of the policy. The request of the insured automatically effects a cancellation, as do many other acts of the insured under the terms of the policy, *e. g.,* the procuring of other insurance, increasing the risk, mortgaging the property, or change of interest other than that occasioned by death.

But it is suggested that this court in *Nitsch* v. *American Central Ins. Co.* (152 N. Y. 635), *Tisdell* v. *New Hampshire Fire Ins. Co.* (155 N. Y. 163), and *Buckley* v. *Citizens Ins. Co. of Mo.* (188 N. Y. 399), held that a surrender of the policy was necessary in order to effect a cancellation. The answer to the suggestion is that in each of those cases attempts were made by the insurance company to cancel. The right of the insured to effect a cancellation was not involved. It is true there are expressions in the opinions, or some of them, which indicate that a cancellation is not

12

complete until the policy has been returned, but such expressions were only used by way of argument, and have no effect upon the decision or determination of the question here under consideration. As was said in *Colonial City T. Co.* v. *Kingston City Railroad Co.* (154 N. Y. 493, 495): "It was not our intention to decide any case but the one before us. * * * If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the question presented, they are the dicta of the writer of the opinion and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance."

The foregoing view that the surrender of a policy, where the insured desires a cancellation, is unnecessary, is sustained to some extent, at least, by the following authorities: *Walthear* v. *Pennsylvania Fire Ins. Co.* (2 App. Div. 328); *Backus* v. *Exchange Fire Ins. Co.* (26 App. Div. 91); *Schwarzchild & Sulsberger Co.* v. *Phœnix Ins. Co. of Hartford* (115 Fed. Rep. 653; Id. 124 Fed. Rep. 52); *Mangrum* v. *Law Union & Rock Ins. Co.* (L. R. A. 1916 F. p. 440 and note); *Straker* v. *Phenix Ins. Co.* (101 Wis. 413); *Phœnix Mutual Fire Ins. Co.* v. *Brecheisen* (50 Ohio St. 542).

I, therefore, concur in the opinion of Judge HOGAN that the judgments of the Appellate Division and Special Term should be reversed and judgment directed for the defendant dismissing the complaint, with costs in all courts.

HISCOCK, Ch. J., CHASE, POUND, CRANE and ANDREWS, JJ., concur with HOGAN, J.; McLAUGHLIN, J., reads concurring opinion.

Judgments reversed, etc.